UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA BRUNSON AND STEPHEN BRUNSON | § § § | |
| PLAINTIFFS, | § § | CIVIL ACTION NO.:  5:18-cv-1284 |
| WYNDHAM VACATION RESORTS, INC. | § § § | |
| DEFENDANT. | § § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Wyndham Vacation Resorts, Inc. ("Wyndham") hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of its removal to this Court of the action commenced in the 408th Judicial District Court of Bexar County, Texas, styled *Linda Brunson and Stephen Brunson v. Wyndham Vacation Resorts, Inc.*, Cause No. 2018CI21010 (the "Civil Action").

### I.
### BACKGROUND, STATE COURT PLEADINGS, AND DOCKET SHEET

1. On November 1, 2018, Plaintiffs Linda Brunson and Stephen Brunson ("Plaintiffs") filed the Civil Action against Wyndham in the 408th Judicial District Court of Bexar County, Texas. Wyndham is the sole defendant in the Civil Action. The Original Petition in the Civil Action is attached as Exhibit A.

2. The Civil Action relates to Plaintiffs' purchase of a timeshare interest from Wyndham pursuant to a Vacation Ownership Purchase and Sale Agreement, which was executed by Plaintiffs on November 2, 2014 (the "Agreement"). By virtue of the Agreement and other agreements executed by the parties, Plaintiffs are obligated to purchase the Property defined in the Agreement, as well as payment of maintenance fees for the upkeep of the Property.

3. In the Civil Action, Plaintiffs bring several claims relating to the purchase transaction that led to the Agreement's execution, including claims for (1) violation of the Texas Timeshare Act (TEX. PROP. CODE § 221.001 *et seq.*); (2) common law fraud; (3) fraud in the inducement; (4) breach of contract; (5) contract rescission; and (6) unjust enrichment.

4. Plaintiffs seek actual damages as allowed by Texas law for such causes of action, rescission of the Agreement, treble damages, and reasonable and necessary attorney's fees. In their state court pleadings, Plaintiffs have demanded a jury trial.

5. On November 2, 2018, Plaintiffs requested issuance of the citation which request is attached as Exhibit B. On November 5, 2018 the citation was issued, and it is attached as Exhibit C. Service of citation was executed on Wyndham on November 9, 2018. The executed return of service was filed on November 16, 2018, and it is attached as Exhibit D.

6. Wyndham filed its Original Answer on November 30, 2018, which is attached as Exhibit E.

7. Contemporaneous with the filing of this Notice of Removal of Civil Action, Wyndham is filing in state court and serving on all parties a Notice of Filing Notice of Removal in the Civil Action. A true and correct copy of that Notice of Filing Notice of Removal is attached as Exhibit F.

8. Also contemporaneous with the filing of this Notice of Removal of Civil Action, Wyndham is filing in state court and serving upon all parties a Notice to Adverse Parties of Removal to Federal Court. A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court is attached as Exhibit G.

9. Exhibits A through G hereto reflect all papers currently or contemporaneously on file with the state district clerk in the Civil Action, and therefore, reflect all process, pleadings and orders served upon Wyndham in the Civil Action.  *See* 28 U.S.C. § 1446(a).

10. A true and correct copy of the current state court docket sheet in the Civil is attached hereto as Exhibit H.

## II.
## TIMELINESS

11. Wyndham was served with citation and a copy of the Original Petition in the Civil Action on November 9, 2018; therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of Wyndham's receipt of those documents.

## III.
## JURISDICTION

12. This Court has jurisdiction over Plaintiffs' claims and, therefore, removal of the Civil Action to is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between the Plaintiffs and Wyndham and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.
## GROUNDS FOR REMOVAL

*A. Complete Diversity of Citizenship*

13. As admitted by Plaintiffs in their Original Petition, Plaintiffs are individuals who are domiciled in Williamson County, Texas.  Therefore, they are citizens of Texas for purposes of diversity.

14. Defendant Wyndham is a corporation that (1) is incorporated under the laws of the state of Delaware and (2) has its principal place of business—now and at the time the Civil Action

commenced—in the State of Florida. Therefore, Wyndham is a citizen of both Delaware and Florida for purposes of diversity.

15. Because all plaintiffs are citizens of Texas and the only defendant is a citizen of Delaware and Florida, complete diversity of citizenship exists.

### B. *Amount in Controversy*

16. Plaintiffs in their Original Petition plead that they seek monetary relief of $100,000 or less. Plaintiffs allege that the "Total Sales Price" for the property interest that is the subject of the Agreement is $36,011.88. *See* Exhibit A at ¶ 19. Moreover, Plaintiffs have brought a claim under the Texas Timeshare Act, which is a tie-in statute to the Texas Deceptive Trade Practices Act (the "DTPA"). *See* TEX. PROP. CODE § 221.071(a) & (e); TEX. CIV. PRAC. & REM. CODE § 17.50(h). For such tie-in statutes, the DTPA allows a prevailing plaintiff rescission along with a recovery of actual damages, which includes mental anguish and any other remedy allowed at common law, treble damages, and attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE § 17.50(b) & (h).

17. Plaintiffs have pleaded the amount of the Agreement at issue—$36,011.88. *See* Exhibit A at ¶ 19. Moreover, Plaintiffs allegations give rise to the potential for a claim of mental anguish. *See* Exhibit A at ¶ 16 ("Defendant, by and through its Agents, failed to take 'no' for an answer . . .and instead subjected Plaintiffs to nearly five (5) hours of high-pressure sales tactics without allowing Plaintiffs a break, and after being mentally worn down by the lengthy process and believing they had no other alternative, Plaintiffs reluctantly agreed to sing the Contract now the subject of this action."). Plaintiffs also seek treble damages and attorney's fees as allowed by the DTPA. *See* Exhibit A at Prayer for Relief ¶ c.

18. In determining the amount in controversy of a DTPA action, actual damages (including mental anguish), treble damages, and attorney's fees are included. *See Wilcots v. Wells*

*Fargo Bank, N.A.*, C.A. No. H-10-800, 2010 WL 1978887 at *2 (S.D. Tex. May 14, 2010) ("Wells Fargo's potential liability includes the $27,607.64, with possible treble damages under the DTPA, . . . plus any mental anguish damages, . . . plus any attorney's fees."); *Whitmire v. Bank One, N.A.*, C.A. No. H-05-3732, 2005 WL 3465726 at *3 (S.D. Tex. Dec. 16, 2005) (citing *Allen v. R H Oil Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)); *Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994). Accordingly, it is facially apparent that Plaintiffs' claims, in aggregate, exceed $75,000 in controversy. *Id.*

## V.
## VENUE

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 408th Judicial District Court of Bexar County, Texas, the forum in which the Civil Action was pending at time of removal.

## VI.
## NOTICE TO STATE COURT AND ADVERSE PARITES

20. Pursuant to 28 U.S.C. § 1446(d), Wyndham is simultaneously filing with the state court a Notice of Filing Notice of Removal, a true and correct copy of which is attached hereto as Exhibit E, and attaching to such document this Notice of Removal. Wyndham is also simultaneously serving Plaintiffs, through their counsel of record, a Notice to Adverse Party of Removal to Federal Court, a true and correct copy of which is attached hereto as Exhibit F, and attaching to such document this Notice of Removal.

## CONCLUSION

WHEREFORE, pursuant to and in conformance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wyndham Vacation Resorts, Inc. removes this action from the 408th Judicial District Court of Bexar County, Texas to this Court.

Dated: December 7, 2018

        Respectfully submitted,

        FOLEY GARDERE
        Foley & Lardner LLP

        */s/ Mark T. Mitchell*
        Mark T. Mitchell
        State Bar No. 14217700
        mmitchell@foley.com
        Frederick W. Sultan, IV
        State Bar No. 00797524
        fsultan@foley.com
        600 Congress Ave., Suite 3000
        Austin, Texas 78701
        Tel: 512-542-7065/Fax: 512-542-7265

        **ATTORNEYS FOR WYNDHAM VACATION RESORTS, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of December, 2018, the foregoing Notice of Removal of Civil Action was electronically filed with the Clerk of the Court, using the CM/ECF system and served on all attorney(s) and/or parties of record, via the CM/ECF service and/or via electronic mail.

*/s/ Mark T. Mitchell*
Mark T. Mitchell